## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA GRACE WILSON,           )<br>                                                      )<br>                    Plaintiff,        )<br>                                                      )      CIVIL ACTION<br>v.                                                 )<br>                                                      )      No. 17-4047-JWL<br>NANCY A. BERRYHILL,                )<br>Acting Commissioner of Social Security, )<br>                                                      )<br>                    Defendant.      )<br>_____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). The court ORDERS that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.      Background**

Plaintiff has exhausted administrative remedies before the Commissioner, and seeks judicial review of the decision denying her applications. (Doc. 1). She argues that

the Administrative Law Judge (ALJ) erred in failing to assess all limitations resulting from her visual impairments when assessing residual functional capacity (RFC).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is

2

not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds error here in that the ALJ found limitations resulting from Plaintiff's visual impairments but did not include those limitations in the hypothetical question presented to the vocational expert (VE) nor in the RFC assessed between steps three and four of his sequential evaluation.  Consequently, the court cannot determine whether the jobs of which the ALJ found Plaintiff capable can be performed by an individual with Plaintiff's visual limitations.  Remand is necessary for the Commissioner to assess properly the limitations attributable to Plaintiff's visual impairments and to determine whether there are a significant number of jobs available in the economy of which an individual with such limitations is capable.

## II.   Analysis

The ALJ assessed Plaintiff with the RFC:

> to perform a full range of work at all exertional levels.  The claimant must avoid climbing ladders, ropes, and scaffolds.  She must avoid exposure to dangerous moving machinery and unprotected heights.  She can tolerate occasional exposure to hot or cold temperature extremes.  The claimant can perform simple and intermediate tasks consistent with unskilled and semi-skilled work of an SVP 1, 2, 3, or 4.

(R. 26) (finding no. 5) (bolding omitted).

As the Commissioner suggests in her brief, the limitation in climbing and from exposure to hazards is because of Plaintiff's vision impairments.  (Comm'r Br. 5).

However, the decision reveals that the ALJ found further limitations due to Plaintiff's vision impairments which, for some unexplained reason he did not include in Plaintiff's RFC.  The ALJ accorded only limited weight to Dr. Long's opinion, but he clearly accepted her opinions that Plaintiff has limited depth perception and needs to wear an eye patch when she is seeing double.  (R. 30) ("Dr. Long is correct in noting that the claimant's depth perception is limited," and her "loss of depth perception [is] secondary to a need to wear an eye patch.").  Moreover, he explained that the medical expert's, Dr. Alpar's, opinion regarding climbing limitations and exposure to hazards "are reasonably related to the claimants limited depth perception and underlying impairments, [and] these restrictions are given great weight."  (R. 31).  In the concluding paragraph of his assessment of Plaintiff's RFC, the ALJ stated, "While her depth perception is limited, her diplopia is effectively addressed with patching and has not required surgical intervention."  Id.

A fair reading of the decision at issue leaves no other conclusion but that although Plaintiff's double vision is intermittent, it still requires the use of an eye patch and that when using an eye patch Plaintiff's depth perception is limited.  But, the ALJ did not include in his RFC assessment that Plaintiff requires the use of an eye patch when she has double vision or that at such times her depth perception is limited.

Although the ALJ stated that he had limited Plaintiff in climbing and from exposure to hazards because of her limited depth perception, those are not the only functional limitations that result from limited depth perception.  For example, Dr. Alpar testified that with one eye covered, such a person would have a limited field of vision and

if she alternated the covering the side of the limited field would alternate; that such a person would have trouble judging distance, leading to the possibility of placing something where it was not intended, or pouring something in the wrong place; and that an individual who alternates patching does not compensate as well even as someone who permanently loses an eye as an adult. (R. 109-10). The hypothetical question presented to the VE at the hearing was identical to the limitations assessed in the decision at issue. (R. 111-12). Therefore, the VE was not told to consider an individual who has limited depth perception, but was told to consider an individual who has some, but not all, of the specific limitations which might result from limited depth perception. Moreover, she was not told to consider a hypothetical individual who would have intermittent double vision during which periods she would have to patch one eye and alternate eyes over time. And, she was not told to consider an individual who would have limited visual fields when she was using one eye or that the field limitation would switch with the eye being patched.

Because the VE was not considering the precise limitations the ALJ found, it is impossible to know whether the representative jobs testified by the VE can be performed by an individual with the limitations the ALJ found that Plaintiff has. Remand is necessary for a proper evaluation.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated April 18, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**